UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLISON HANSON et al., | CASE NO. 3:24-cv-05989-DGE |
| Plaintiff, | ORDER ON MOTION TO DISMISS (DKT. NO. 12) |
| v. | |
| ROBERT FERGUSON et al., | |
| Defendant. | |

## I   INTRODUCTION

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 12). For the reasons discussed herein, the Court GRANTS Defendants' motion to dismiss Plaintiffs' federal claims and declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The Court DISMISSES Plaintiffs' state law claims without prejudice.

## II   BACKGROUND

This instant matter is one of many recent cases challenging either the facial legality or the implementation of Washington's COVID-19 vaccine mandate for state employees. On February

29, 2020, Washington Governor Jay Inslee declared a State of Emergency in Washington in response to the deadly COVID-19 outbreak. *Shirley v. Wash. Dep't of Fish and Wildlife*., No. 3:23-CV-05077-DGE, 2025 WL 1374977, *1 (W.D. Wash. May 9, 2025). He issued Proclamation 20-05, which imposed a "stay-home" order across the state and prohibited social, recreational, and religious gatherings. (*Id*.) Eighteen months later, Governor Inslee issued Proclamation 21-14 ("the Proclamation"), which required state employees to be fully vaccinated by October 18, 2021, to continue employment with the state. (*Id*.) The Proclamation carved out an exception to the vaccination requirement for employees who were entitled to disability related accommodations or accommodations related to a sincerely held religious belief under relevant anti-discrimination laws, including Title VII and the Washington Law Against Discrimination ("WLAD"). (*Id*.)

This litigation concerns ten former employees of the Washington State Office of the Attorney General ("AGO"), who "bring this challenge against Defendants' adoption and implementation of AGO Policy I.58, *Vaccination*, which required all AGO employees and volunteers to be fully vaccinated against COVID-19." (Dkt. No. 1 at 2–3.) Each of the Plaintiffs informed Defendants that they held a sincere religious belief that would prevent them from receiving a COVID-19 vaccine. (*Id*. at 3.) Seven were found to have a sincerely held religious belief and were told they were qualified for accommodations. (*Id*.)[1] The Plaintiffs were then asked to attend a reasonable accommodation Zoom meeting with an HR representative, the

---

[1] As for the three who were not found to qualify for an accommodation, Plaintiff Brady declined to attend a meeting "to give [her] an opportunity to provide additional information to help the committee understand your sincerely held religious belief," as did Plaintiff Greenleaf. (Dkt. No. 1 at 66–67.) Plaintiff Scott requested a union representative at the meeting but was informed the union could not represent her during an HR meeting. (*Id*. at 41.) At the meeting, she refused to answer questions about her medical history or healthcare practiced unrelated to COVID-19. (*Id*. at 42.)

employee's supervisor(s) and/or manager and the employee. (*Id*. at 81.) The AGO subsequently informed Plaintiffs that they were unable to accommodate them without causing undue hardship to the AGO. (*Id*. at 91.) Plaintiffs were then terminated for failure to comply with the policy. (*Id*. at 3.) Plaintiffs bring nine causes of action against Defendants Robert Ferguson, Shane Esquibel, Christina Beusch, Todd Bowers, Jennifer Meyer, Eric Sonju, Rochelle LaRose, Allison Radford, Valerie Petrie, Franklin Plaistowe, Amy Fanigan, Nanette Dornquast, Mary Li (hereinafter, "individual Defendants"), and the AGO:

1. Deprivation of Religious Freedom, Violation of U.S. Const. Amend. I, Amend. XIV; 42 U.S.C. § 1983 against all Defendants in their individual capacities;

2. Violations of U.S. Const. Amend. V., Amend. XIV, Wash. Const. Art. I, § 3, Deprivation of Life, Liberty, or Property, Without Due Process; 42 U.S.C. § 1983 against all Defendants in their individual capacities;

3. Failure to Accommodate in violation of the Washington Law Against Discrimination ("WLAD") against the AGO and all Defendants in their individual and official capacities;

4. Disparate Treatment in violation of the WLAD against the AGO and all Defendants in their individual and official capacities;

5. Disparate Impact in violation of the WLAD against the AGO and all Defendants in their individual and official capacities;

6. Violation of the Right to be Free from Arbitrary and Capricious Action under Washington law against the AGO and all Defendants in their individual and official capacities;

7. Wrongful Termination Against Public Policy against the AGO and all Defendants in their individual and official capacities;

8. Wrongful Termination – Retaliation in Violation of Wash. Rev. Code § 49.60.210 against the AGO and all Defendants in their individual and official capacities; and

9. "The Vaccine Mandate and Policy I.58 were ultra vires acts as they were conducted 18 outside the scope of the Attorney General or delegees' authority" against the AGO and all Defendants in their individual and official capacities.

(*Id*. at 121–134.) Plaintiffs seek nominal, compensatory, and punitive damages "as well as appropriate equitable remedies." (*Id*. at 135.)

### III  DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547. "The court

1 need not, however, accept as true allegations that contradict matters properly subject to judicial 2 notice or by exhibit . . . . Nor is the court required to accept as true allegations that are merely 3 conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden* 4 *State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 5 (9th Cir. 2001).

**B. Analysis**

1. Federal claims

The Court begins by considering Plaintiffs' federal claims. Defendants first assert that "to the extent these claims are asserted against the AGO, they must be dismissed" because a state agency is not a "person" for the purposes of 42 U.S.C. § 1983. (Dkt. No. 12 at 21.) The Court concurs with Defendants.

"A litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). A state agency, however, is not a person for purposes of 42 U.S.C. § 1983, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989), and cannot be sued for constitutional violations unless they affirmatively waive their sovereign immunity. Plaintiffs do not argue that the AGO waived its sovereign immunity and therefore fail to state a claim against the AGO on all federal constitutional claims. *See Gray v. Washington State Dep't of Transportation*, No. 3:23-CV-05418-DGE, 2023 WL 6622232, *2–*3 (W.D. Wash. Oct. 11, 2023), *aff'd sub nom. Gray v. Washington Dep't of Transportation*, No. 23-3278, 2024 WL 5001484 (9th Cir. Dec. 6, 2024); *Luxton v. Washington State Dep't of Veterans Affs.*, No. 3:23-CV-05238-DGE, 2025 WL 896658, *9–10 (W.D. Wash. Mar. 24, 2025); *Strandquist v. Washington State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 WL 4645146, *6 (W.D. Wash. Oct. 31, 2024).

As it is clear to the Court that no amendment could resolve the fact that the State has not waived sovereign immunity, the Court DISMISSES Plaintiffs' federal constitutional claims against the AGO without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

As for the individual defendants, Defendants argue that Plaintiffs' federal claims are barred by qualified immunity because Plaintiffs fail to show that any individual Defendant violated a clearly established right. (*Id*. at 23–30.) Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is the plaintiff's burden to demonstrate that the defendant "violated a federal statutory or constitutional right" and "the unlawfulness of their conduct was clearly established at that time." *Moore v. Garnand*, 83 F.4th 743, 750 (9th Cir. 2023) (internal quotations omitted). A court "may begin the qualified immunity analysis by considering whether there is a violation of clearly established law without determining whether a constitutional violation occurred." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010). "To determine whether a constitutional right has been clearly established for qualified immunity purposes," the court "must survey the legal landscape and examine those cases that are most like the instant case." *Krainski*, 616 F.3d at 970 (quoting *Trevino v. Gates*, 99 F.3d 911, 917 (9th Cir. 1996)). To show that a right is "clearly established," "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Additionally, the right must have been established "at the time of the alleged violation." *Moran v. State of Wash.*, 147 F.3d

839. 844 (9th Cir. 1998). The Supreme Court has cautioned against defining "clearly established right" with excessive generality. *Plumhoff v. Rickard*, 572 U.S. 765, 778–79 (2014).

Thus, the question here is whether the individual Defendants' alleged misconduct violated a clearly established constitutional right that a reasonable person in their position would have known about. Plaintiffs point to no case law indicating that Defendants' actions violated a clearly established right. Plaintiffs suggest that *Fulton v. City of Philadelphia, Pennsylvania*, 593 U.S. 522 (2021) supports the existence of a clearly established free exercise right in this context. (Dkt. No. 13 at 28.) *Fulton*, however, did not involve a vaccination mandate and does not have facts analogous to those plead in this litigation. It involved the City of Philadelphia's refusal to refer children to a foster care agency that would not certify same-sex couples. *See Fulton*, 593 U.S. at 526. A reasonable official would not assume that the case applies to this fact pattern.

Moreover, district courts have consistently found that officials are entitled to qualified immunity in challenges to public health orders and vaccine mandates passed during the midst of the global COVID-19 pandemic. *See, e.g., Strandquist*, 2024 WL 4645146, at *7; *Sinclair v. Blewett*, No. 2:20-CV-1397-CL, 2024 WL 21434, at *4 (D. Or. Jan. 2, 2024); *Northland Baptist Church of St. Paul, Minnesota v. Walz*, 530 F. Supp. 3d 790, 806–807 (D. Minn. 2021), aff'd sub nom. *Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365 (8th Cir. 2022); *New Mexico Elks Ass'n v. Grisham*, 595 F. Supp. 3d 1018, 1027 (D.N.M. 2022); *Benner v. Wolf*, 2021 WL 4123973, at *5 (M.D. Pa. Sept. 9, 2021). Ninth Circuit precedent affirms the reasoning of these decisions. *See Bacon v. Woodward*, 2024 WL 3041850, at *1 (9th Cir. June 18, 2024) (upholding facial validity of Proclamation against Free Exercise challenge); *Johnson v. Kotek*, No. 22-35624, 2024 WL 747022, at *3 (9th Cir. Feb. 23, 2024) (qualified immunity bars

substantive due process claims against Oregon governor for vaccine mandate); *Armstrong v. Newsom*, No. 21-55060, 2021 WL 6101260, at *1 (9th Cir. Dec. 21, 2021) (qualified immunity bars suits against California governor for his stay-at-home executive order because the order did not violate clearly established law in March 2020).

The Court therefore finds that the individual Defendants are entitled to qualified immunity as to Plaintiffs' first cause of action for deprivation of religious freedom and DISMISSES this claim with prejudice.

Defendants next assert that "Plaintiffs' procedural due process claim fails because Plaintiffs do not identify any process they were entitled to but denied." (Dkt. No. 12 at 28.) Plaintiffs do not identify clearly established law requiring a *Loudermill* hearing for employees that are separated due to a generally applicable requirement—like a vaccine mandate. (*See generally*, Dkt. No. 13.) Indeed, Ninth Circuit precedent cuts the opposite way. In *Bacon*, the court explained that "[t]he notice provided in the Proclamation was . . . sufficient" to satisfy procedural due process challenges to "the substantive rules applied" while implementing the Proclamation, including objections to "what [plaintiffs] considered to be an overly stringent, 'sham' approach to accommodations." *Bacon*, 2024 WL 3041850, at *2 (citing *Rea v. Matteucci,* 121 F.3d 483, 484–85 (9th Cir. 1997)). What is more, this Court has already found that the Proclamation and its exemptions and accommodations requirements provided the essential requirements of "notice and an opportunity to respond" required by *Loudermill*. *Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172, at *7 (W.D. Wash. May 27, 2022) *aff'd,* No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023). As this Court and other courts have repeatedly recognized, "when a policy is generally applicable, employees are not 'entitled to process above and beyond the notice provided by the enactment and publication' of the policy

ORDER ON MOTION TO DISMISS (DKT. NO. 12) - 8

itself." *Bacon,* 2021 WL 5183059, *3, *see also Strandquist v. Washington State Dep't of Soc. & Health Servs.*, No. 3:23-CV-05071-TMC, 2024 WL 4645146, *6 (W.D. Wash. Oct. 31, 2024); *Shirley v. Wash. Dep't of Fish and Wildlife*, No. 3:23-CV-05077-DGE, 2025 WL 1360872, *5 (W.D. Wash. May 9, 2025); *Harris v. Univ. of Massachusetts, Lowell*, 557 F. Supp. 3d 304, 312 (D. Mass. 2021); *Valdez v. Grisham*, 559 F. Supp. 3d 1161, 1178 (D.N.M. 2021) *aff'd*, No. 21-2105, 2022 WL 2129071 (10th Cir. June 14, 2022).

The Court therefore finds the individual Defendants are entitled to qualified immunity as to Plaintiffs' Procedural Due Process claim and DISMISSES this claim with prejudice. Accordingly, all of Plaintiffs' federal claims are DISMISSED with prejudice.

2. State law claims

Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiffs' supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'"). The Court DISMISSES these claims without prejudice.

### IV    CONCLUSION

Accordingly, and having considered Defendants' motion (Dkt. No. 12), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS as follows:

1. Defendants' motion to dismiss is GRANTED in part. Plaintiffs' federal constitutional claims against the AGO are DISMISSED without prejudice. Plaintiffs' federal constitutional claims against the individual Defendants are DISMISSED with prejudice.

2. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims and DISMISSES these claims without prejudice

Dated this 19th day of May, 2025.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO DISMISS (DKT. NO. 12) - 10